IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JEVAUHN MARCEL HAMPTON**,

    Petitioner,

v.

**STATE OF OREGON**,

    Respondent.

Case No. 6:25-cv-00667-IM

**OPINION AND ORDER**

**IMMERGUT, District Judge.**

    Petitioner Jevauhn Marcel Hampton ("Petitioner"), an individual in custody at the Oregon State Penitentiary, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Because Petitioner's habeas petition is barred by the applicable one-year statute of limitations, and because Petitioner has not demonstrated any basis for equitable tolling such that the petition may be rendered timely, the Court denies the Petition for Writ of Habeas Corpus (ECF No. 1) and denies a certificate of appealability.

PAGE 1 – OPINION AND ORDER

**BACKGROUND**

In March 2022, Petitioner pleaded guilty to one count each of Kidnapping in the Second Degree with a Firearm-Constituting Domestic Violence, Assault in the Second Degree, Burglary in the First Degree, and Unlawful Use of a Weapon.[1] (Resp't Ex. 105.) The trial court entered a judgment and sentenced Petitioner to a term of incarceration totaling seventy-five months on April 7, 2022. (Resp't Ex. 101.)

Petitioner did not file a direct appeal, nor did he file a petition for state postconviction relief ("PCR"). (Pet. at 3-4.) Petitioner instead filed a Petition for Alternative Writ of Mandamus with the Oregon Supreme Court on October 21, 2024, alleging, among other things, that the trial court improperly denied his motion for pretrial release under state law. (Resp't Ex. 111.) The Oregon Supreme Court issued a judgment denying the petition on February 20, 2025. (Resp't Ex. 117.)

On April 17, 2025,[2] Petitioner filed a federal petition for writ of habeas corpus, raising two grounds for relief:

> **Ground One:** Violation of Constitutional Bill of Rights, Amdenment [sic] Number Six, The Right to a Fast and Speedy Trial.
>
> **Supporting Facts:** . . . [O]n July 22nd, 2021, I had a release hearing to be released due to the prosecution team not being ready to go to trial on the sixty-day time frame, and the District Attorney . . . argued that I do not get a fast and speedy trial, nor do I get to be released, and they are not ready. My attorney tried to argue that the only charges that prevent the constitutional right to a fast and speedy is

---

[1] In exchange for Petitioner's guilty plea, the State agreed to dismiss one count each of Assault in the Second Degree with a Firearm, Coercion with a Firearm, Unlawful Use of Weapon with a Firearm, and Menacing, all Constituting Domestic Violence; two counts of Unlawful Use of a Weapon with a Firearm; three counts of Felony Assault in the Fourth Degree-Constituting Domestic Violence; three counts of Menacing; and two counts of Recklessly Endangering Another Person. (Resp't Exs. (ECF No. 12-1), Exs. 102, 105.)

[2] April 17, 2025 is the date Petitioner signed the petition and presumably handed it to prison officials for mailing.

PAGE 2 – OPINION AND ORDER

> "Treason, and Murder" which I did not have. The Judge explained that she was unfamiliar with this, and she will be willing to be Mandamused is she is wrong, but she is siding with the state. According to the transcripts. This hearing was labeled in the court records as a release hearing. The district attorney denied my rights to a fast and speedy trial at this hearing, not an official fast and speedy trial hearing.
>
> **Ground Two:** Denial of Effective Assistance of Counsel at Trial or on Appeal.
>
> **Supporting Facts:** . . . [Trial counsel] had an assistant who was suppose[d] to file a writ of mandamus after the violation of my rights, but left it as a draft due to issues within their office. If contacted, [trial counsel] will verify this to be fact.

(Pet. at 5.) Respondent urges the Court to deny habeas relief because Petitioner filed the petition after the statute of limitations had expired and procedurally defaulted his claims. (Resp. to Pet. (ECF No. 10) at 3-5.) Petitioner did not file a supporting brief or otherwise respond to Respondent's arguments.[3] Petitioner thus has failed to sustain his burden of demonstrating that he is entitled to habeas relief. See *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (recognizing that a habeas petitioner carries the burden of proving his case). Nevertheless, this Court has thoroughly reviewed the existing record and agrees that the statute of limitations bars habeas relief in this case.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations that applies to a petition for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Unless otherwise tolled or subject to delayed accrual, the limitations period commences when the judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such

---

[3] This Court previously ordered Petitioner to show cause in writing why he failed to file a supporting brief and whether he intended to do so. (ECF No. 13.) To date, Petitioner has not filed a supporting brief, nor has he contacted the Court to request an extension of time after the show-cause deadline expired on November 14, 2025.

PAGE 3 – OPINION AND ORDER

review." 28 U.S.C. § 2244(d)(1)(A). The period of direct review includes the ninety-day period within which a petitioner can petition for writ of certiorari with the United States Supreme Court, whether or not he files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

The limitations period is statutorily tolled during the pendency of a "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). "Collateral review" means "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011). A properly filed application remains "pending as long as a state avenue for relief remains open, whether or not a petitioner takes advantage of it." *Melville v. Shinn*, 68 F.4th 1154, 1156 (9th Cir. 2023). The limitations period is not tolled, however, "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (quoting *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006)).

Petitioner did not file a direct appeal after pleading guilty to various crimes. Petitioner's convictions thus became final when the time for seeking direct review expired on May 7, 2022. *See* OR. REV. STAT. § 138.071(1) (instructing that "a notice of appeal must be served and filed not later than 30 days after the judgment or order appealed from was entered in the register"). Petitioner did not file a PCR petition but filed a petition for writ of mandamus on October 21, 2024. Assuming, without deciding, that Petitioner's mandamus petition constitutes "a properly filed" application for collateral review, Petitioner waited 898 days after the judgment became final before filing his petition for writ of mandamus—far exceeding the 365 days permitted under the AEDPA—and the filing of a state collateral action after the limitations period has run does not revive the statute. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (holding that the petitioner's delay in filing a state habeas petition until "well after the AEDPA statute of

PAGE 4 – OPINION AND ORDER

limitations ended" resulted in "an absolute time bar" to filing a subsequent habeas petition in federal court). Because Petitioner took more than 365 days to file his habeas petition, it is untimely and must be denied.

## CONCLUSION

For the reasons stated, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1), and DISMISSES this proceeding, with prejudice. Petitioner has not made a substantial showing of the denial of a constitutional right, and therefore the Court DENIES a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 29th day of January, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge